IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROGER SNYDER | : | |
| Plaintiff, | : | No. 1:09-CV-0927 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| DANIEL BENDER, et al., | : | |
| Defendants. | : | |

## MEMORANDUM

Pending before the Court are four separate motions to dismiss. The first motion to dismiss has been filed by Defendants Nicholas Viscome, Jeffrey Templin, Sr., and Charles Tupper. (Doc. No. 7.) The second motion to dismiss has been filed by Defendants Daniel Bender, Robert Caruso, John Contino, and Robin Hittie. (Doc. No. 18.) The third motion to dismiss has been filed by Defendant Keith Murphy. (Doc. No. 23.) The fourth motion to dismiss has been filed by Defendant Charles Kraus.[1] (Doc. No. 30.) Plaintiff has filed opposition briefs to the first three motions.[2] (See Doc. Nos. 12, 21, 26.) The motions have been briefed and are

---

[1] In his complaint and on the docket sheet, Defendant Kraus' name appears to be incorrectly spelled "Krauss." Based on his own motion to dismiss, it appears that "Kraus" is the correct spelling of his name. (See Doc. No. 30.)

[2] According to Local Rule 7.6:

> Any party opposing any motion shall file a brief in opposition, together with any opposing affidavits, transcripts or other documents, within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. Any party who fails to comply with this rule shall be deemed not to oppose such motion.

M.D. Pa. L.R. 7.6. However, in this Court's September 2, 2009 Order, all deadlines were stayed pending disposition of the first motion to dismiss. (Doc. No. 17.) Therefore, in accordance with Local Rule 7.6, Plaintiff will have fourteen days from the date of this Memorandum and Order to

1

ripe for disposition. For the reasons that follow, the Court will dismiss Plaintiff's claims for violation of his right to due process and equal protection. Additionally, Plaintiff will be given leave to amend his complaint.[3]

## I. BACKGROUND[4]

Plaintiff filed a complaint against the Defendants on May 17, 2009. (Doc. No. 1.) In the complaint, Plaintiff names a number of defendants, each of whom occupy different positions. Defendants Daniel Bender, Robert Caruso, John Contino, and Robin Hittie[5] all worked in various capacities at the State Ethics Commission. (Id. ¶¶ 2-5.) Defendant Charles Kraus is the Chief of Police for the Northwest Regional Police Department. (Id. ¶ 6.) Defendant Keith Murphy was an opponent of Plaintiff in the 2007 electoral contest for West Donegal Township Supervisor (id. ¶ 7), and was supported by Defendant Ralph Horne. (Id. ¶ 8.) Defendant Charles Tupper is a West Donegal Township Supervisor; Defendant Nicholas Viscome is the township manager; and Defendant Jeffrey Templin, Sr., is the township road master. (Id. ¶¶ 9-11.)

---

respond to Defendant Kraus' motion to dismiss.

[3] Plaintiff filed an amended complaint on March 14, 2010. (Doc. No. 35.) However, Plaintiff is advised that, pursuant to Federal Rule of Civil Procedure 15(a), he must seek leave to amend his pleading. See Fed. R. Civ. P. 15(a) (stating that a party may amend its pleading "once as a matter of course within . . . 21 days after serving it, or . . . 21 days after service of a responsive pleading or . . . a motion under Rule 12(b) . . . ." and that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave"). As a result, Plaintiff's amended complaint will be stricken at this time and the Defendants' new motions to dismiss (Doc. Nos. 37, 39, 40, 41) will be deemed moot. Plaintiff will be given leave to re-file an amended complaint in accordance with this Court's order.

[4] The Court reviews the facts by construing the complaint in the light most favorable to Plaintiff. See Fed. R. Civ. P. 12(b)(6).

[5] Hereinafter Defendants Bender, Caruso, Contino, and Hittie will jointly be referred to as the Ethics Commission Defendants.

In 2007, Plaintiff ran for reelection as a West Donegal Township Supervisor. (Doc. No. 1 ¶18.) During both the primary and the general elections, Plaintiff copied campaign literature at the West Donegal Township Municipal Building using township equipment. (Id. ¶¶ 18, 29.) Plaintiff made the request to make such copies in advance, and the request was ratified by the township board of supervisors. (Id. ¶¶ 18, 31.)

Plaintiff alleges that a number of the Township Defendants, including Kraus, Murphy, Horne, Tupper, and Viscome "desired to use the surface appeal that an unauthorized use of Township equipment could have for their own personal and political advantage." (Id. ¶ 19.) As such, Defendants Kraus, Horne, and Murphy "concocted a plan to permit the copying of Plaintiff's campaign materials to proceed and then [later] present it as a criminal matter where there are no restrictions on disclosure." (Id. ¶ 32.) Thereby, the Township Defendants used their connections with the Ethics Commission Defendants to "concoct an ethics charge." (Id. ¶ 21.) As a result, an informal investigation was initiated by the ethics commission in or around August 2007, which was conducted by Defendant Bender. (Id. ¶ 23.)

Formal charges were filed against Plaintiff by the Ethics Commission on November 1, 2007. (Id. ¶ 34.) Plaintiff's political opponents, Defendants Murphy and Horne, used the ethics investigation in their campaign materials. (Id.) Plaintiff won reelection. (Id.) However, he argues that his standing in the community has been damaged. (Id.)

In a related claim, Plaintiff avers that Defendant Templin's involvement related primarily to his activities as township road master, and that Defendant Templin did not issue Plaintiff invoices for using the township roller on Plaintiff's property. (Id. ¶¶ 24-25.) According to Plaintiff, "Templin was similarly persuaded to refrain from disclosing the propriety of the

3

work done in the right-of-way in front of the property owned by Plaintiff's father in order to support an ethics charge motivated by political considerations." (Id. ¶ 26.) Furthermore, Plaintiff avers Templin took photographs of Plaintiff using a dumpster on township property at the urging of Defendants Kraus, Horne, Tupper, and Murphy. (Id. ¶ 27.)

The first motion to dismiss was filed by Defendants Viscome, Templin, and Tupper on July 27, 2009. (Doc. No. 7.) Plaintiff submitted his brief in opposition to the first motion to dismiss on August 23, 2009. (Doc. No. 12.) The Ethics Commission Defendants filed their motion to dismiss on September 4, 2009. (Doc. No. 18.) Plaintiff submitted his brief in opposition to their motion on October 13, 2009. (Doc. No. 21.) Defendant Keith Murphy filed his motion to dismiss on October 30, 2009. (Doc. No. 23.) Plaintiff submitted his brief in opposition to Murphy's motion on November 16, 2009. (Doc. No. 26.) Defendant Kraus filed his motion to dismiss on December 29, 2009. (Doc. No. 30.) The case was stayed by the Court pending resolution of the first motion to dismiss. (Doc. No. 17.)

## II. STANDARD OF REVIEW

In analyzing a complaint under Rule 12(b)(6), "courts 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). The Third Circuit has outlined the analysis a district court should undergo in determining whether the pleading standard has been met:

> [W]hen presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may

> disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

## III. DISCUSSION

Title 42 U.S.C. § 1983 provides a cause of action against persons who, acting under color of state law, deprive a citizen or citizens of the rights, privileges and immunities secured by the Constitution and federal law. 42 U.S.C. § 1983; see also Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995). "In a typical § 1983 action, a court must initially determine whether the plaintiff has even alleged the deprivation of a right that either federal law or the Constitution protects." Gruenke v. Seip, 225 F.3d 290, 298 (3d Cir. 2000) (citation omitted).

Additionally, in a civil rights complaint, a plaintiff must establish an individual claim for relief as to each named defendant. See Thomas v. Independence Twp., 463 F.3d 285, 298 (3d Cir. 2006) (dismissing claims where no allegations were made that defendants were personally involved in the wrongs alleged); see also Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity.").

In the present case, Plaintiff's complaint does not list separate claims. However, it appears that Plaintiff raises five different claims for relief: (1) a First Amendment retaliation claim; (2) a procedural due process claim; (3) a substantive due process claim; (4) an equal protection claim; and (5) a civil conspiracy claim. In the briefs accompanying their motions to

5

dismiss, Defendants argue that Plaintiff has failed to state viable claims for relief.[6] (See Doc. No. 8 at 6-13; Doc. No. 20 at 4-10; Doc. No. 24 at 10-15.) Defendants Viscome, Templin, and Tupper have also raised the defense of qualified immunity. (Doc. No. 8 at 13-14.) Because Plaintiff has stated cognizable First Amendment retaliation and civil conspiracy claims, the Court will allow those claims to proceed. However, the Court will grant Defendants' motions to dismiss as to the balance of Plaintiff's claims.

A. **First Amendment Retaliation**

In his complaint, Plaintiff avers that although he won re-election for the township supervisor position, "his standing in the community has been damaged, and the Township Defendants have embarked upon and continue to engage in actions to continue to harm and injure Plaintiff in violation of his First and Fourteenth Amendment rights." (Doc. No. 1 ¶ 34.) The Defendants Viscome, Templin, Tupper, and Murphy have moved to dismiss this claim, arguing that Plaintiff has failed to allege that he participated in activity protected by the First Amendment. (Doc. No. 8 at 8-10; Doc. No. 24 at 10-11.)

"To state a First Amendment retaliation claim, a public employee plaintiff must allege that his activity is protected by the First Amendment, and that the protected activity was a substantial factor in the alleged retaliatory action." Gorum v. Sessoms, 561 F.3d 179, 184 (3d Cir. 2009) (citing Hill v. Borough of Kutztown, 455 F.3d 225, 241 (3d Cir. 2006)). "'The first factor is a question of law; the second factor is a question of fact.'" Id. (quoting Hill, 455 F.3d at 241). "A

---

[6] In their brief, the Ethics Commission Defendants also raise the argument that Plaintiff's complaint should be dismissed or, in the alternative, be transferred to the Eastern District of Pennsylvania pursuant to the "first filed rule." (Doc. No. 20 at 13.) However, from the record before it, the Court is unable to determine whether this rule is implicated in the present case.

public employee's statement is protected by the First Amendment when, '(1) in making it, the employee spoke as a citizen, (2) the statement involved a matter of public concern, and (3) the government employer did not have "an adequate justification for treating the employee differently from any other member of the general public" as a result of the statement he made.'" Id. at 185 (citing Hill, 455 F.3d at 241 (quoting Garcetti v. Ceballos, 547 U.S. 410, 418 (2006))).

To determine whether conduct is protected speech, a court must conduct a fact-intensive inquiry into the nature and factual context of the conduct, as well as the environment in which it was undertaken. Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly, 309 F.3d 144, 158 (3d Cir. 2002) (citations omitted). If the "activity was sufficiently imbued with the elements of communication to fall within the First Amendment's scope," it is protected. Id. (quoting Spence v. Washington, 418 U.S. 405, 409-10 (1974)). An action is "sufficiently imbued with elements of communication" if the plaintiff "intended subjectively . . . for his conduct to communicate to persons whom he expected to observe it . . . [and] observers understood the message the [plaintiff] intended his conduct to convey." Id. at 161 (citation omitted). The burden is on the putative speaker to prove that his conduct is "sufficiently imbued with elements of communication." Id.

In the instant case, Plaintiff has alleged that he took part in: (1) campaigning for reelection, (2) making copies of his campaign material at the township municipal building, (3) using a dumpster on Township property to discard debris from a project he was working on at his own home, (4) using a Township roller on his own property, and (5) doing roadwork adjacent to his father's property. Plaintiff's complaint does not allege that his actions of using municipal equipment to make copies or to do construction work were intended to convey speech. Thus, those allegations are insufficient to state a First Amendment claim. Therefore, the only remaining

7

averment of Plaintiff's First Amendment rights is his claim based on his political campaign.[7]

The Supreme Court has recognized the important place that political campaigns have at the core of the First Amendment. Brown v. Hartlage, 456 U.S. 45, 53 (1982) ("'The candidate, no less than any other person, has a First Amendment right to engage in the discussion of public issues and vigorously and tirelessly to advocate his own election and the election of other candidates.'") (citation omitted). The majority of circuit courts of appeals have indicated that a political campaign in and of itself qualifies as a communicative act protected by the First Amendment. See Wiggins v. Lowndes County, Miss., 363 F.3d 387, 390 (5th Cir. 2004) ("Political speech regarding a public election lies at the core of matters of public concern protected by the First Amendment.") (citation omitted); Finkelstein v. Bergna, 924 F.2d 1449, 1453 (9th Cir. 1991) ("Disciplinary action discouraging a candidate's bid for elective office represent[s] punishment by the state based on the content of a communicative act protected by the [F]irst [A]mendment.") (internal quotation marks and citation omitted); Flinn v. Gordon, 775 F.2d 1551, 1554 (11th Cir. 1985) (stating that plaintiff "had a constitutional right to run for office and to hold office once elected"); Washington v. Finlay, 664 F.2d 913, 927-28 (4th Cir. 1981); Magill v. Lynch, 560 F.2d 22, 27 (1st Cir. 1977); Newcomb v. Brennan, 558 F.2d 825, 829 (7th Cir.

---

[7] In his opposition brief to the first motion to dismiss, Plaintiff avers that Defendants "worked to interfere with and retaliate against Plaintiff['s right] . . . to petition for redress of grievances, and interference [sic] with his access to the courts in connection with a pending State Ethics Commission investigation." (Doc. No. 12 at 2.) Likewise, Plaintiff avers in his opposition brief that he raises an "abuse of process" claim. (Id. at 3.) However, no such allegations appear in the four corners of Plaintiff's complaint. To the extent that Plaintiff alleges that Defendants interfered with his access to the courts or committed an abuse of process, Plaintiff will be given leave to amend his complaint in compliance with the pleading standards announced in Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, – U.S. –, 129 S. Ct. 1937 (2009).

1977); see also Wheeler v. Twp. of Edison, 326 Fed. Appx. 118, 121 (3d Cir. 2009) (unpublished opinion) (noting that plaintiff's support of a candidate in an election constituted "constitutionally protected conduct"); Galli v. New Jersey Meadowlands Comm'n, 490 F.3d 265, 272-73 (3d Cir. 2007) (noting that choice to engage in political activity is entitled to First Amendment protection). The only circuit to reach a slightly more limited conclusion is the Sixth Circuit, which has recognized that "while the mere fact of candidacy [is] not constitutionally protected, the expression of one's political belief still [falls] under the ambit of the First Amendment." Murphy v. Cockrell, 505 F.3d 446, 451 (6th Cir. 2007) (citing Carver v. Dennis, 104 F.3d 847 (6th Cir. 1997)).

In their reply briefs, the Ethics Commission Defendants and Defendant Murphy seem to concede that Plaintiff's activity was protected by the First Amendment, and instead argue that Plaintiff has "fail[ed] to identify how, if at all, his speech was regulated, limited, hindered or in any way interfered with by Defendants . . . ." (Doc. No. 19 at 5; see also Doc. No. 27 at 7.) However, a First Amendment retaliation claim does not require a Plaintiff to show that his speech was regulated or limited. Rather, a Plaintiff is required to show that his participation in "protected activity was a substantial factor" in retaliatory action taken against him by Defendants. Gorum, 561 F.3d at 184.

Because Plaintiff has adequately pled that he was retaliated against for participating in communicative action protected by the First Amendment, the Court will deny Defendants' motions to dismiss as to this claim.

B. **Procedural Due Process**

Plaintiff avers in his complaint that the Ethics Commission Defendants, in furtherance of

9

their plan to harm him, have "developed a plan to perpetuate the unlawful activities and motives of the Defendants through additional Fourteenth Amendment Due Process and Equal Protection violations that have deprived, and continue to deprive [Plaintiff] of access to a full, fair, and open process . . . ." (Doc. No. 1 ¶ 35.) Because Plaintiff does not differentiate whether he asserts a substantive or a procedural due process claim, the Court will address both.

"To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" Hill, 455 F.3d at 233-34 (citing Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000)). The Third Circuit has outlined the individual interest necessary to satisfy the first prong:

> By now it is clear that "reputation *alone* is not an interest protected by the Due Process Clause." Clark v. Twp. of Falls, 890 F.2d 611, 619 (3d Cir. 1993) (citing Paul v. Davis, 424 U.S. 693, 701-12 (1976)) (emphasis added). "Rather, to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation *plus* deprivation of some additional right or interest." Hill, 455 F.3d at 236 (emphasis in original); see also Clark, 890 F.2d at 619 ("[D]efamation is actionable under 42 U.S.C. § 1983 only if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution."); Sturm v. Clark, 835 F.2d 1009, 1012 (3d Cir. 1987) ("[M]ere damage to reputation, apart from the impairment of some additional interest previously recognized under state law, is not cognizable under the due process clause."). This has been referred to as the "stigma-plus" test. See e.g., Hill, 455 F.3d at 236.

Dee v. Borough of Dunmore, 549 F.3d 225, 233-34 (3d Cir. 2008).

Because Plaintiff alleges only that "his standing in the community has been damaged," (Doc. No. 1 ¶ 34), Plaintiff has failed to demonstrate any protected liberty or property interest.

10

Plaintiff was reelected to the position on the board which he sought. Therefore, his procedural due process claim fails as a matter of law and must be dismissed.

        **C.**      **Substantive Due Process**

"The Supreme Court has 'observed that the core of the concept of due process is protection against arbitrary action and that only the most egregious official conduct can be said to be arbitrary in the constitutional sense.'" Chambers v. Sch. Dist. of Phila. Bd. of Educ., 587 F.3d 176, 190 (3d Cir. 2009) (quoting United Artists Theatre Circuit, Inc. v. Twp. of Warrington, 316 F.3d 392, 399 (3d Cir. 2003) (internal quotation marks omitted) (citing County of Sacramento v. Lewis, 523 U.S. 833, 845-46 (1998))). "[T]o prevail on a substantive due process claim, 'a plaintiff must prove the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest shocks the conscience.'" Id. (quoting Chainey v. Street, 523 F.3d 200, 219 (3d Cir. 2008)) (further citation omitted). Whether the property right asserted is entitled to substantive due process protection depends on whether it is considered "fundamental." Nicholas v. Pa. State Univ., 227 F.3d 133, 140-41 (3d Cir. 2000). Fundamental rights are rights that are "deeply rooted in the Nation's history and traditions . . . . [and] interests implicit in the concept of ordered liberty like personal choice in matters of marriage and family." Id. at 143 (citations and quotation marks omitted).

In the present case, Plaintiff has not alleged that he was deprived of a fundamental right. To the extent that he claims that his reputation was "sullied" by the acts of Defendants, his claim fails as a matter of law. See Hill, 455 F.3d at 234 n.12 ("To the extent [plaintiff's] substantive due process claim was based not only on loss of his job, but also on reputational injury that decreased his 'ability to earn a living,' it also fails.") (citation omitted); see also Stiles v. Blunt, 912 F.2d

11

260, 265 (8th Cir. 1990) ("[T]he right to run for public office, unlike the right to vote, is not a fundamental right.") (citing Bullock v. Carter, 405 U.S. 134, 142-43 (1972)). Therefore, any substantive due process claim fails and must be dismissed.

### D. Equal Protection

Plaintiff's "class of one" equal protection claim fails to meet the pleading standard set by the Supreme Court in Village of Willowbrook v. Olech, 528 U.S. 562 (2000), and expounded upon by the Third Circuit in Phillips, 515 F.3d at 243. To state a claim under this theory, "a plaintiff must at a minimum allege that he was intentionally treated differently from others similarly situated by the defendant and that there was no rational basis for such treatment." Phillips, 515 F.3d at 243. Plaintiff fails to allege that anyone similarly situated to himself was treated differently by Defendants.[8] Therefore, his equal protection claim also fails and must be dismissed.

### E. Conspiracy Claim

In order to maintain an action for civil conspiracy for purposes of §1983, the Plaintiff must aver "[a] combination of two or more persons to do a . . . criminal act or to do a lawful act

---

[8] Plaintiff argues in his "Brief in Opposition to Comonwealth [sic] Defendants' Motion to Dismiss" that "[w]ith respect to the Equal Protection argument, it is clear that Plaintiff was treated dissimilarly than his running mate, Nancy Garber, and others with no rational basis or compelling government interest guiding their conduct." (Doc. No. 21 at 4.) However, this is not clear from the complaint because Plaintiff fails to make any allegation therein that his running mate Nancy Garber was treated differently from himself. (See Doc. No. 1 ¶ 18.) Pursuant to this Court's accompanying order, Plaintiff will be granted leave to amend his complaint to reflect his allegation raised in his brief in opposition.
 Additionally, the Court notes that to the extent Plaintiff claims an equal protection claim as a public employee, the Supreme Court has held that a "class of one" equal protection claim fails in the public employment context. See Engquist v. Oregon Department of Agriculture, -- U.S. --, 128 S. Ct. 2146, 2151 (2008).

by unlawful means or for an unlawful purpose." Ammlung v. City of Chester, 494 F.2d 811, 814 (3d Cir. 1974) (citation omitted); see also Adams v. Teamsters Local 115, 214 Fed. Appx. 167, 172 (3d Cir. 2007). In order to survive a 12(b)(6) motion to dismiss, Plaintiff is not required to set forth "'detailed factual allegations.'" Phillips, 515 F.3d at 231 (quoting Twombly, 550 U.S. at 555). However, there must be a "'showing,' rather than a blanket assertion of entitlement to relief . . . '[F]actual allegations must be enough to raise a right to relief above the speculative level.'" Id. at 231-32 (quoting Twombly, 550 U.S. at 555, 556 n.3) (further citations omitted). Therefore, where the existence of a conspiracy is based only on legal conclusions, rather than factual allegations, a plaintiff's complaint fails to meet the pleading standard announced in Twombly.

Here, Plaintiff has alleged that "Defendants Kraus, Horne, Murphy, Tupper, Bender, Caruso and Contino had a meeting of the minds by which they developed an unlawful plan to violate Plaintiff's First and Fourteenth Amendment rights . . . ." (Doc. No. 1 ¶ 22.) Plaintiff alleges that "[i]n furtherance of the unlawful plan . . . an informal investigation was initiated by the Ethics Commission in or around August 2007, which was conducted by Defendant Bender." (Id. ¶ 23.) In addition, Plaintiff avers that Defendant Templin was persuaded to refrain from issuing Plaintiff the proper invoices for Plaintiff's use of the Township's roller in order to support the ethics charge. (Id. ¶¶ 24-26.) Defendant Viscome was later brought into the conspiracy. (Id. ¶ 28.) Defendants Kraus, Horne, and Murphy then concocted a plan to permit Plaintiff to copy his campaign materials "and then present it as a criminal matter . . . ." (Id. ¶ 32.) Formal charges were then filed by the Ethics Commission Defendants and Defendants Horne and Murphy used the ethics investigation in their campaign materials. (Id. ¶ 34.) As a result, Plaintiff has done more than allege the legal elements of a conspiracy. Plaintiff has alleged the period, object, or

13

acts taken in furtherance of the conspiracy. Defendants' motions to dismiss this claim will be denied.[9]

In contrast, Plaintiff's claim against Defendant Hittie will be dismissed. In Plaintiff's complaint, Plaintiff avers that "[a]ll Defendants . . . , except Defendant Hittie, were directly involved in the plan to violate Plaintiff's rights." (Doc. No. 1 ¶ 32.) Later, Plaintiff alleges that Defendant Hittie has been a part of a "plan to perpetuate the unlawful activities" against Plaintiff. (Id. ¶ 35.) However, Plaintiff has not shown any of acts taken in furtherance of this second alleged conspiracy. Therefore, the claim against Defendant Hittie must be dismissed because Plaintiff's factual allegations are not "'enough to raise a right to relief above the speculative level.'" Phillips, 515 F.3d at 231-32 (quoting Twombly, 550 U.S. at 555, 556 n.3) (further citations omitted).

### G. Qualified Immunity

Defendants Viscome, Templin, and Tupper have raised the defense of qualified immunity.[10] (Doc. No. 8 at 13.) "The doctrine of qualified immunity protects government

---

[9] In his supporting motion to dismiss, Defendant Murphy argues that, as a private citizen, he cannot be held liable under § 1983. (Doc. No. 24 at 5.) Yet, as Defendant Murphy acknowledges in his brief, a private actor may be held liable where she is a "'willful participant in joint activity with the State or its agents.'" Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 195 (3d Cir. 2005) (quoting United States v. Price, 383 U.S. 787, 794 (1966)) (emphasis omitted). Because the Court finds that Plaintiff has adequately alleged that Defendant Murphy was a part of a conspiracy to retaliate against Plaintiff because of his activity protected by the First Amendment, Defendant Murphy's argument fails at this time.

[10] Additionally, these Defendants have challenged Plaintiff's claim for punitive damages. Municipalities, and more broadly, state and local governments entities, are immune from punitive damages under § 1983. Doe v. County of Centre, PA, 242 F.3d 437, 455 (3d Cir. 2001) (citing City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981)). To the extent that Defendants are sued in their official capacities, any claims for punitive damages are dismissed. See Laktis v. York, 258 F. Supp. 2d 401, 408 (E.D. Pa. 2003).

officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, – U.S. –, 129 S. Ct. 808, 815 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). In Saucier v. Katz, 533 U.S. 194 (2001), the Supreme Court set forth a two-tiered analysis to assist in determining whether a defendant is entitled to qualified immunity:

> First, a court must decide whether the facts that a plaintiff has alleged (see Fed. Rules Civ. Proc. 12(b)(6), (c)) or shown (see Rules 50, 56) make out a violation of a constitutional right. Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was "clearly established" at the time of defendant's alleged misconduct. Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right.

Pearson, 129 S. Ct. at 815-16 (citations removed). In Pearson, the Supreme Court clarified that the order of the Saucier analysis was flexible, and that a court should "'exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.'" Bayer v. Monroe County Children and Youth Servs., 577 F.3d 186, 191-92 (3d Cir. 2009) (quoting Pearson, 129 S. Ct. at 818).

As discussed above in the Court's analysis of Plaintiff's prima facie case, reading the record in a light most favorable to Plaintiff, Plaintiff has sufficiently pled that Defendants Viscome, Templin, and Tupper engaged in a civil conspiracy to retaliate against Plaintiff for participating in activity that was protected by the First Amendment. Therefore, at this stage, the Court cannot say as a matter of law that Defendants are entitled to qualified immunity and their motion as to qualified immunity will be denied. See, e.g., Malone v. Economy Borough Mun. Auth., – F. Supp. 2d –, 2009 WL 3756673, at *21 (W.D. Pa. Nov. 9, 2009) (denying qualified

immunity where plaintiff had presented sufficient evidence from which a reasonable jury could infer that defendants engaged in harassing conduct and terminated plaintiff as a result of her First Amendment right of filing a claim of gender discrimination).

IV.     **CONCLUSION**

Defendants' motions to dismiss will be granted in part and denied in part. In accordance with the foregoing analysis, the Court will deny Defendants' motion to dismiss Plaintiff's claims for First Amendment retaliation claim and civil conspiracy, but will grant Defendants' motions to dismiss Plaintiff's claims for violations of due process and equal protection. Third Circuit precedent "supports the notion that in civil rights cases district courts must offer amendment–irrespective of whether it is requested–when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). Because Plaintiff won reelection, he cannot allege that he was deprived of a property interest outside his own reputation. As a result, any amendment to his § 1983 due process claims would be futile. However, to the extent Plaintiff asserts an equal protection claim, he will be given leave to amend his complaint. If Plaintiff fails to amend within twenty-one days, or if the amended complaint is deficient, Defendants may renew their motion to dismiss as to this portion of Plaintiff's complaint. See Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). An order consistent with this memorandum follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROGER SNYDER | : | |
|     Plaintiff, | : | No. 1:09-CV-0927 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| DANIEL BENDER, et al., | : | |
|     Defendants. | : | |

## **ORDER**

**NOW**, this 24th day of May 2010, upon consideration of the Defendants' motions to dismiss (Doc. Nos. 7, 18, 23), **IT IS HEREBY ORDERED THAT:**

1. All claims against Defendant Hittie are **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff's claims for violation of his equal protection rights are **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff's claims for violation of his due process rights are **DISMISSED WITH PREJUDICE**.

4. Plaintiff's amended complaint (Doc. No. 35) is **STRICKEN** for failure to comply with Federal Rule of Civil Procedure 15(a). Accordingly, the Defendants' motions to dismiss the amended complaint (Doc. Nos. 36, 37, 39, 40, 41) are deemed moot.

5. Plaintiff shall have 21 days from the filing of this Order to file an amended complaint, that is, on or before June 15, 2010.

6. If Plaintiff fails to amend his complaint on or before June 15, 2010, or if the amended complaint is deficient, Defendants may renew their motions to dismiss the complaint as to Plaintiff's equal protection claims.

7. Plaintiff shall have 14 days from the filing of this Order to file a brief in opposition to Defendant Kraus' motion to dismiss. (Doc. No. 30.)

8. The stay ordered by this Court in its September 2, 2009 Order is hereby lifted.

9. The Clerk of Court is instructed to defer entering judgment on the claims until all claims have been resolved.

                                            S/ Yvette Kane
                                            Yvette Kane, Chief Judge
                                            United States District Court
                                            Middle District of Pennsylvania