IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROGER SNYDER, | : | CIVIL NO. 1:09-CV-927 |
| Plaintiff, | : | (Chief Judge Kane) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| DANIEL BENDER, et al., | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATION

## I. Introduction

This case poses the following question: Is dismissal of an action warranted when the Plaintiff (1) has failed to perfect service on a Defendant 18 months after filing his complaint; (2) has failed to timely respond to a motion to dismiss which cited the Plaintiff 10 ½ months ago for this failure to timely serve his complaint; (3) has failed to seek an extension of time in which to serve the complaint; and (4) has failed to comply with orders of Court setting a briefing schedule on these matters relating to the lack of service on a defendant?

Because we believe that this course of conduct calls for dismissal of this action as to the Defendant who has not been properly served, it is recommended that the

motions to dismiss for lack of service filed in this case on behalf of Defendant Charles Krauss (Docs. 30 and 37) be granted.

## II. Statement of Facts and of the Case

This case is a civil rights action filed by the Plaintiff, through counsel, on May 17, 2009. (Doc. 1.) In its original form, the Plaintiff's complaint named 13 Defendants, including Charles Krauss. (Id.) Having filed this complaint leveling serious accusations against these Defendants, it was then incumbent upon the Plaintiff and his counsel to properly serve these Defendants. While the record of these proceedings contains indications that the Plaintiff perfected service as to a number of Defendants in this matter, (Docs. 3, 4, and 22), notably absent from the docket is any indication that proper service was ever made upon Defendant Charles Krauss. Accordingly, after the 120-day deadline for service of process set by Rule 4(m) of the Federal Rules of Civil Procedure lapsed, Defendant Krauss moved to dismiss the complaint as to him under Rule 12(b)(5) of the Federal Rules of Civil Procedure, citing the failure of Plaintiff's counsel to properly make service. (Docs. 30 and 31.)

Krauss initially brought this challenge to the sufficiency of service by motion on December 29, 2009. (Id.) Krauss then renewed this motion a second time on March 29, 2010, (Docs. 37 and 38), arguing that the continuing failure of the Plaintiff to perfect service warranted dismissal of this action. (Id.) Despite having twice been

placed on notice through these motions of this alleged defect in service, the Plaintiff never filed proof of service on Defendant Krauss. Nor did the Plaintiff seek an extension of time in which to perfect service of process in this case. Indeed, the Plaintiff's first counsel never responded in any intelligible fashion to these motions to dismiss, prior to withdrawing from the case in March of 2010 and leaving the Plaintiff briefly unrepresented by any counsel.

On May 25, 2010,the district court entered a memorandum and order which disposed of a number of preliminary motions to dismiss in this case. (Doc. 47.) This May 25, 2010, opinion, however, gave the Plaintiff one final opportunity to respond to Defendant Krauss' motion to dismiss for lack of service, directing the Plaintiff, who was at this time unrepresented, to file a response to this motion within 14 days. (Id.)

This deadline also lapsed without any action on the Plaintiff's part. However, some three months after the entry of this order, the Plaintiff retained new counsel, who entered an appearance in this case on September 9, 2010. (Doc. 54.) Concurrent with the entry of this appearance by counsel for the Plaintiff, the case was referred to this Court for pre-trial management. (Doc. 52.)

As part of this pre-trial management, the Court conducted a case management conference on September 10, 2010. (Doc. 56.) At this case management conference,

the parties and the Court discussed what was now the Plaintiff's alleged longstanding failure to perfect service on Defendant Krauss, or timely respond to the motions and orders aimed at addressing this question of service of process. In an effort to promptly resolve this issue, while affording the Plaintiff's counsel yet another opportunity to address this question, the Court entered a case management order which spoke directly to this issue. (Doc. 55.) In clear and precise terms, that order placed an obligation on the Plaintiff to address these pending and longstanding concerns, stating:

> The Court notes that there is pending, and unresolved, a legal issue regarding adequacy of service as to Defendant Krauss. (Doc.30) This issue was not addressed on its merits by the district court in its May 25, 2010 opinion. (Doc. 47) In order to promptly address this issue, which was initially briefed by the Defendant. (Doc. 31) IT IS ORDERED as follows: With respect to this motion filed by the Defendant, the Plaintiff shall file a response to the motion in accordance with Local Rule 7.6 on or before **October 1, 2010**. Pursuant to Local Rule 7.7 the Defendants may then file a reply brief on or before **October 15, 2010**. All briefs must conform to the requirements prescribed by Local Rule 7.8.

(Doc. 55.)

Despite this explicit direction from the Court, Plaintiff's counsel has now allowed this latest deadline for filing a response to this motion to dismiss to pass without taking any action to either perfect service, or justify his failure to make service. Given the Plaintiff's failure to comply with the Court's order, this matter is

4

now considered ripe for resolution. On these facts, where there have been repeated failures by the Plaintiff to comply with court orders; where the Plaintiff has failed to perfect service on a named Defendant; and where the Plaintiff's inability or unwillingness to litigate the case which he filed against Defendant Krauss is totally frustrating efforts to resolve this matter as to that Defendant, we recommend that Defendant Krauss' motion to dismiss (Doc. 30) be granted.

### III. Discussion

#### A. Under The Rules of This Court Krauss' Motion Should Be Deemed Unopposed and Granted

At the outset, under the Local Rules of this Court the Plaintiff should be deemed to concur in this motion, since Plaintiff's counsel has failed to timely oppose the motion, despite being provided numerous opportunities to reply to the motion. As we have noted, the Plaintiff and his counsel have defaulted on a series of important procedural deadlines in this case by failing to: (1) timely serve Defendant Krauss; (2) properly request an extension of time in which to serve this Defendant; (3) timely respond to the motions to dismiss filed by Krauss on December 29, 2009, and March 29, 2010; (4) comply with the district court's May 25, 2010, order setting a briefing schedule on these motions; or (5) comply with this Court's September 10, 2010, case management order which also set a briefing schedule for these motions. These

repeated and persistent procedural defaults completely frustrate and impede efforts to resolve this matter as to Defendant Krauss in a timely and fair fashion, and under the rules of this Court warrant dismissal of the action, since Local Rule 7.6 of the Rules of this Court imposes an affirmative duty on the Plaintiff to respond to motions and provides that:

> Any party opposing any motion shall file a responsive brief, together with any opposing affidavits, deposition transcripts or other documents, within fifteen (15) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within five (5) days after service of the motion. <u>Any respondent who fails to comply with this rule shall be deemed not to oppose such motion</u>.

Local Rule 7.6 (emphasis added).

The necessity of compliance with court orders and the local rules is a familiar principle for the Plaintiff's counsel, and one which we have recently underscored for counsel by reminding counsel of:

> [A] basic truth: we must remain mindful of the fact that "the Federal Rules are meant to be applied in such a way as to promote justice. *See* Fed.R.Civ.P. 1. Often that will mean that courts should strive to resolve cases on their merits whenever possible. However, justice also requires that the merits of a particular dispute be placed before the court in a timely fashion ...." <u>McCurdy v. American Bd. of Plastic Surgery</u>*,* 157 F.3d 191, 197 (3d Cir.1998)

<u>Lease v. Fishel</u>, 712 F.Supp.2d 359, 371 (M.D.Pa. 2010).

With this basic truth in mind, we recognize a fundamental guiding tenet of our legal system. A failure on our part to enforce compliance with the rules, and impose the sanctions mandated by those rules when the rules are repeatedly breached: "would actually violate the dual mandate which guides this Court and motivates our system of justice: 'that courts should strive to resolve cases on their merits whenever possible [but that] justice also requires that the merits of a particular dispute be placed before the court in a timely fashion' McCurdy, 157 F.3d at 197." Lease v. Fishel, supra, 712 F.Supp.2d at 372. Therefore, we are obliged to ensure that one party's refusal to comply with the rules does not lead to an unjustified prejudice to those parties who follow the rules.

These basic tenets of fairness apply here. In this case, the plaintiff has plainly failed to comply with Local Rule 7.6 by filing a timely response to the motion to dismiss lodged by defendant Krauss. This wholly unexplained and unexcused failure to respond now compels us to apply the sanction called for under Rule 7.6 and deem the Plaintiff to not oppose the motion to dismiss Defendant Krauss.

### B. Dismissal of Defendant Krauss Is Also Warranted Under Rule 41

Beyond the requirements imposed by the local rules of this Court, Rule 41(b) of the Federal Rules of Civil Procedure also authorizes a court to dismiss a civil

7

action for failure to prosecute, stating that: " If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." F. R. Civ. P. 41(b). Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the Court, and will not be disturbed absent an abuse of that discretion. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002)(citations omitted). That discretion, however, while broad is governed by certain factors, commonly referred to as Poulis factors. As the United States Court of Appeals for the Third Circuit has noted:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir.1984).

Emerson, 296 F.3d at 190. Recognizing the broad discretion conferred upon the district court in making judgments weighing these six factors, the court of appeals has frequently sustained such dismissal orders where there has been a pattern of dilatory conduct by a litigant who is not amenable to any lesser sanction. See, e.g., Emerson v. Thiel College, supra; Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir. 2007);

8

Reshard v. Lankenau Hospital, 256 F. App'x 506 (3d Cir. 2007); Azubuko v. Bell National Organization, 243 F. App'x 728 (3d Cir. 2007).

In this case, a dispassionate assessment of the Poulis factors weighs heavily in favor of dismissing this action as to Defendant Krauss. At the outset, a consideration of the first Poulis factor, the extent of the party's personal responsibility, shows that the delays in this case are entirely attributable to the Plaintiff and his counsel, who has persistently failed to serve Defendant Krauss, seek additional time in which to serve this Defendant, respond to motions to dismiss citing him for his failure to make service, and respond to court orders directing him to address these service -of- process issues.

Similarly, the second Poulis factor–the prejudice to the adversary caused by the failure to abode by court orders–also calls for dismissal of this action. The Plaintiff's repeated failures to address the issue of proper service as to Defendant Krauss has resulted in protracted delays in this case, which has remained pending but not properly served, for 18 months, a period far beyond the 120-day service deadline mandated by Rule 4(m) of the Federal Rules of Civil Procedure. These repeated, unjustified, and unexplained delays have wholly frustrated Defendant Krauss in his defense preparations in this case, and have unreasonably delayed the resolution of this action. In such instances dismissal of the case clearly rests in the discretion of the

trial judge. Indeed, such dismissal orders are frequently issued when a court is confronted by a litigant who persistently refuses to timely file and serve pleadings. Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir. 2007)(failure to timely serve pleadings compels dismissal); Reshard v. Lankenau Hospital, 256 F. App'x 506 (3d Cir. 2007)(failure to comply with discovery compels dismissal); Azubuko v. Bell National Organization, 243 F. App'x 728 (3d Cir. 2007)(failure to file amended complaint prejudices defense and compels dismissal).

When one considers the third Poulis factor–the history of dilatoriness on the plaintiff's part–it becomes clear that dismissal of this action is now appropriate. The Plaintiff has repeatedly failed to timely serve pleadings, respond to motions, and comply with orders of the Court throughout these proceedings. This persistent pattern of non-compliance is unexcused, and unexplained. This failure to abide by the minimal requisites for litigation–timely service of pleadings–is delaying this case, and prejudicing the parties. This non-compliance simply cannot be condoned, and must be curtailed.

The fourth Poulis factor–whether the conduct of the party or the attorney was willful or in bad faith–also cuts against the Plaintiff. At this juncture, when the Plaintiff has failed to properly serve his complaint, respond to motions or comply with multiple instructions of the Court directing the Plaintiff to take specific actions

in this case, the Court is compelled to conclude that the Plaintiff's actions are not accidental or inadvertent but instead reflect a careless, reckless or intentional disregard for this case and the Court's instructions.[1]

While Poulis also enjoins us to consider a fifth factor, the effectiveness of sanctions other than dismissal, cases construing Poulis agree that in a situation such as this case, where we are confronted by a litigant who will not comply with the rules or court orders, lesser sanctions may not be an effective alternative. See, e.g., Briscoe v. Klaus, 538 F.3d 252, 262-63 (3d Cir. 2008); Emerson, 296 F.3d at 191. In any event we note that the Court has previously endeavored in other cases to employ other lesser sanctions with this counsel, but to no avail. See Lease v. Fishel, 712 F.Supp.2d. 359, 371, n. 4 (M.D. Pa. 2010)(collecting cases). Since lesser sanctions have been tried with respect to this counsel, without success, only the sanction of dismissal remains available to the Court.

Finally, under Poulis we must consider one other factor, the merits of the parties' claims. In our view, consideration of this factor strongly underscores that this

---

[1] We note that many of these defaults are the responsibility of the Plaintiff's prior counsel, who no longer represents the Plaintiff. However, Plaintiff's current counsel has also defaulted on the obligations set by this Court in its September 10, 2010, case management order by neglecting to file any response to the pending and longstanding defense motion to dismiss.

action should be dismissed, since as a legal matter the Plaintiff's failure to properly serve this complaint after 18 months of litigation clearly calls for dismissal of this case as to Defendant Krauss.

### C. Rule 4 and Rule 12(b)(5) Also Call For Dismissal of This Complaint With Respect to Defendant Krauss

Finally, dismissal is warranted here, because the failure to properly serve Defendant Krauss now compels this outcome under the Federal Rules of Civil Procedure. In particular, this result is mandated by two rules of civil procedure. At the outset, Rule 4 of the Federal Rules of Civil Procedure prescribes the method by which service can be made, and describes how a party must demonstrate proof of service on the record. See F.R. Civ. P., Rule 4(a)-(l). Rule 4 also sets time limits for service, and prescribes the sanction of dismissal for the failure to make proper and timely service, stating as follows:

> **(m) Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action . . . against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

F. R.Civ. P., Rule 4(m).

The language of Rule 4(m) is both clear and mandatory. Where there is an unjustified and unexcused failure to timely serve a complaint the court "must dismiss the action." Moreover, where service is deficient, Rule 12(b)(5) of the Federal Rules of Civil Procedure applies and permits a party to move to dismiss the complaint "for insufficient service of process." F.R.Civ.P. Rule 12(b)(5).

In a case such as this, where a Rule 12(b)(5) motion is filed challenging sufficiency of service, it is also clear that "the party asserting the validity of service bears the burden of proof on that issue. See 4A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1083 (1987)." Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993). When the plaintiff fails to carry this burden of proof on the issue of proper and timely service, consistent with Rule 4(m)'s mandate that the "court– on motion or on its own after notice to the plaintiff– must dismiss the action," dismissal of the case is entirely appropriate. Indeed, when a plaintiff does not show good cause for a failure to serve; Beckerman v. Susquehanna Township Police, 254 F.App'x 149, 154 (3d Cir. 2007), or fails to make service, despite warnings and requests by the court to address service issues;

Foster v. Pennsylvania Human Relations Commission, 157 F. App'x 488, 490 (3d Cir. 2005), the courts have frequently sustained Rule 12(b)(5) dismissals of parties.[2]

These principles control here and call for dismissal of Defendant Krauss from this action for failure to make timely and proper service. In this case, the Plaintiff has provided no proof of proper service on Defendant Krauss 18 months after this action commenced. Indeed, the Plaintiff has not endeavored to make proper service, justify the failure to make service, or seek additional time in which to serve this Defendant over the past 10 ½ months while this motion to dismiss has been pending. Given this complete failure of service, and the total failure to provide any good cause for not fulfilling this basic obligation of all litigants, dismissal is called for here. Beckerman v. Susquehanna Township Police, 254 F.App'x 149, 154 (3d Cir. 2007)(affirming dismissal for failure to serve after 122 days where no good cause shown).

Nor could the Plaintiff attempt to save this wholly inadequate service by seeking an extension of time in which to serve the complaint at this late date. While the Plaintiff has not made such a request, it is apparent that a belated request of this

---

[2]These basic tenets relating to service of process are completely familiar to the Plaintiff's counsel, who has suffered the penalty of dismissal in the past for far less egregious failures to make proper and timely service than those presented in this case. Beckerman v. Susquehanna Township Police, 254 F.App'x 149, 154 (3d Cir. 2007)(affirming dismissal of service as untimely when made 122 days after the filing of the complaint).

14

type would be unavailing. In the absence of a showing of good cause, rulings on motions for extension of time in which to serve a complaint rest in the sound discretion of the court. Petrucelli v. Boehringer and Ratzinger, GMBH, 46 F.3d 1298, 1305 (3d Cir. 1995). That discretion is guided, however, by certain basic principles. Foremost among these principles is the concept that:

> [T]he Federal Rules are meant to be applied in such a way as to promote justice. See Fed.R.Civ.P. 1. Often that will mean that courts should strive to resolve cases on their merits whenever possible. However, justice also requires that the merits of a particular dispute be placed before the court in a timely fashion so that the defendant is not forced to defend against stale claims.

McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 197 (3d Cir. 1998) Accordingly, where, as here, a failure to make timely service now works an injustice on the opposing party, the proper exercise of discretion calls upon the Court to refuse to permit further delays, and to dismiss the complaint under Rule 12(b)(5). Id.

## IV. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Defendant Krauss' motion to dismiss for failure of service (Doc. 30) be GRANTED and the Plaintiff's complaint with respect to Defendant Krauss be dismissed both for

the failure to make timely service under Rule 4 and for the Plaintiff's failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 16th day of November, 2010.

                                                    *S/Martin C. Carlson*
                                                  Martin C. Carlson
                                                  United States Magistrate Judge