# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROGER SNYDER : 
    Plaintiff, : No. 1:09-CV-0927
 : 
v. : (Chief Judge Kane)
 : 
DANIEL BENDER, et al., : 
    Defendants. : 

## MEMORANDUM ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On November 16, 2010, Magistrate Judge Carlson issued a report and recommendation which concluded that Defendant Charles Kraus should be dismissed from the above-captioned case based on Plaintiff's failure to properly serve Defendant Kraus in accordance with Rules 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure. (Doc. No. 59.) In his report, Judge Carlson noted that Defendant Kraus' motion to dismiss had not been opposed by Plaintiff and as such was to be deemed unopposed under Local Rule 7.6. As an alternative reason for dismissal, Judge Carlson underwent the analysis called for in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), and determined that Plaintiff had failed to prosecute this action and dismissal was warranted under Federal Rule of Civil Procedure 41(b). On November 30, 2010, Plaintiff filed an objection challenging Judge Carlson's report. (Doc. No. 60.)

The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the report, the Court is to make a de novo determination of those portions of the report to which objection is made. 28 U.S.C. § 636(b)(1). The Court has reviewed Plaintiff's objection and has found it unpersuasive. Plaintiff asserts that he objects to "the sanction of dismissal" because "1) there were extenuating

circumstances regarding plaintiff's representation that should have been taken into consideration, 2) there was no objection to the jurisdiction of this Court over Kraus, 3) the statute of limitations had not expired as to Kraus, and 4) there is no prejudice to Kraus." (Doc. No. 60 at 1.) However, none of these objections address the appropriateness of the dismissal in accordance with Rules 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure – the basis upon which this Court adopts the recommendation that the claims against Defendant Kraus be dismissed.

As noted by Judge Carlson in his report, Rule 4(m) states that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service for "an appropriate period" where "the plaintiff shows good cause for the failure." Id. In the present case, more than 18 months have passed since Plaintiff filed this action on May 17, 2009, and proper service has yet to be effected on Defendant Kraus. Plaintiff has not shown good cause for extending the timeline for service even further. As Judge Carlson pointed out in his report, Plaintiff did not respond to Judge Carlson's explicit directive in an September 10, 2010 order to respond to Defendant Kraus' motion to dismiss for lack of service. To the contrary, "Plaintiff's counsel . . . allowed this latest deadline for filing a response to this motion to dismiss to pass without taking any action to either perfect service, or justify his failure to make service."[1] (Doc. No. 59 at 4.) Therefore, the Court agrees with the portion of Judge Carlson's report that the proper course of action is that the claims against Defendant Krauss be

---

[1] Plaintiff's counsel acknowledges in the supporting brief to the objection that he failed to respond to Judge Carlson's directive in the September 10, 2010 Order, and "apologizes to the Court" for this "failing." (Doc. No. 61 at 2.) However, Plaintiff's counsel has not provided the Court with any basis that would justify this failure or that would justify extending the time for service.

dismissed in accordance with Rules 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure.

**AND NOW**, on this 9th day of December 2010, upon consideration of Magistrate Judge Carlson's Report and Recommendation (Doc. No. 59) and Plaintiff's objection (Doc. No. 60), it is **HEREBY ORDERED THAT** the report is **ADOPTED AS FOLLOWS:** Defendant Kraus's motion to dismiss (Doc. No. 30) is **GRANTED IN PART** to the extent that the claims against Defendant Kraus are **DISMISSED WITHOUT PREJUDICE** in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
