**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROGER SNYDER,** | : | **CIVIL NO. 1:09-CV-927** |
| | : | |
| **Plaintiff,** | : | **(Chief Judge Kane)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **DANIEL BENDER, et al.** | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM   OPINION**

**I.     Statement of Facts and of the Case**

This matter comes before the Court for consideration of the Plaintiff's motion
to refile the amended complaint previously ordered stricken by the district court on
May 25, 2010. (Doc. 70.) With respect to this motion, the pertinent facts can be simply
stated:

This case is a civil rights action filed by the Plaintiff, through counsel,  on May
17, 2009. (Doc. 1.) In its original form, the Plaintiff's complaint named 13
defendants, and included a wide array of claims. (Id.) The Defendants filed motions
to dismiss the complaint in July, September, October and December of 2009, (Docs.

7, 18, 23, 30 ) that were briefed by the parties, (Docs. 8, 12, 19, 20, 21, 24, 26, 27, 31), and resolved by the district court in an order dated May 25, 2010. (Doc. 47.)

While this motion to dismiss was pending, on March 14, 2010, the Plaintiff filed a document styled as an amended complaint. (Doc. 35.) The Plaintiff filed this pleading without obtaining leave of court, and the Defendants responded to this filing by moving to strike the amended complaint. (Docs. 37, 38-43.)

In its May 25, 2010 order the district court specifically addressed this amended complaint, and these motions to strike the amended complaint, ordering that the:

> Plaintiff's amended complaint (Doc. No. 35) is **STRICKEN** for failure to comply with Federal Rule of Civil Procedure 15(a). Accordingly, the Defendants' motions to dismiss the amended complaint (Doc. Nos. 36, 37, 39, 40, 41) are deemed moot.

(Doc. 47, p.17.)

In reaching this conclusion the district court cited to Rule 15(a) of the Federal Rules of Civil Procedure, which was amended in December 2009 to provide as follows:

**(a) Amendments Before Trial**

**(1)** *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:

**(A)** 21 days after serving it, or

> **(B)** if the pleading is one to which a responsive pleading is
> required, 21 days after service of a responsive pleading or
> 21 days after service of a motion under Rule 12(b) . . . .
>
> **(2) *Other Amendments.*** In all other cases, a party may amend its
> pleading only with the opposing party's written consent or the court's
> leave. The court should freely give leave when justice so requires.

F. R. Civ. P. Rule 15(a).

Since in this case the Plaintiff had not sought leave of court to file an amended

complaint, and had not filed the amended complaint within the 21 day period

following the filing of the motions to dismiss as required by the rule, the district court

struck this pleading, but provided leave for the Plaintiff to amend his complaint in

other respects, provided that the Plaintiff acted within 21 days of the Court's May 25

order.  Presented with this order the Plaintiff then neglected to comply with the order,

and did not amend his complaint within the time frame prescribed by the district

court.

On September 8, 2010, this case was referred to the undersigned for pre-trial

management. (Doc. 52.) Following a September 10, 2010, case management

conference, we entered an order which provided the Plaintiff with yet another

opportunity to correct or amend his pleadings. Specifically, that case management

order provided that:

3

> In order to allow the Plaintiff's newly retained counsel sufficient time to become familiar with the history of this case, the deadline for amendment of pleadings/joinder of parties is extended as follows: Any amendment of pleadings or joinder of additional parties shall be completed on or before **November 10, 2010**.

(Doc. 55.)

Having been permitted an additional two months in which to amend his complaint, Plaintiff's counsel once again failed to act, allowing this deadline to also lapse without seeking to amend his complaint. Instead, Snyder waited until February 21, 2011, a full three months after the revised deadline for filing amended pleadings had lapsed, before seeking leave to file an amended complaint. (Doc. 70.) Snyder's motion did not address in any fashion this delay in moving to amend his complaint. Moreover, that tardy amended complaint for the most part simply re-states claims that have already been found wanting and have been dismissed by the district court. (<u>Id</u>.)

The Defendants have opposed this motion, citing the prejudice which would flow from allowing this belated amendment of the complaint. (Doc. 77.) This matter is fully briefed and is now ripe for resolution by the Court. For the reasons set forth below, the Plaintiff's motion to refile the amended complaint previously ordered stricken by the district court on May 25, 2010. (Doc. 70) will be denied.

## II.   <u>Discussion</u>

Decisions regarding motions to amend pleadings rest in the sound discretion fo the district court and will not be disturbed absent an abuse of that discretion. <u>See e.g.</u>, <u>Bjorgung v. Whitetail Resort, LP</u>, 550 F.3d 263 (3d Cir. 2008); <u>Cureton v. National Collegiate Athletic Ass'n</u>., 252 F.3d 267 (3d Cir. 2001) That discretion, however, is governed by certain basic principles, principles that are embodied in Rule 15 of the Federal Rules of Civil Procedure.

On May 25, 2010, the district court struck the Plaintiff's amended complaint, holding that the provisions of Rule 15(a) which had been adopted in December 2009 plainly compelled the striking of this pleading since in this case the Plaintiff had not sought leave of court to file an amended complaint, and had not filed the amended complaint within the 21-day period following the filing of the motions to dismiss as required by the rule. Snyder then allowed two deadlines for filing amended pleadings to pass, and permitted nine months to elapse before attempting to re-file this amended complaint ten months after this pleading had been ordered stricken by the district court.

In support of this request, Snyder does not attempt to justify this delay but rather simply argues that the district court erred in applying the amended version of

Rule 15(a) retrospectively to his case which was pending when the rule was amended. Thus, Snyder's motion is, in essence, a motion to reconsider a prior ruling in this litigation. The legal standards that govern such motions to reconsider are both clear, and clearly compelling."The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985). Therefore, typically such a motion should only be granted in three, narrowly defined circumstances, where there is either: "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice". <u>Dodge v. Susquehanna Univ.</u>, 796 F.Supp. 829, 830 (M.D. Pa. 1992 ).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. <u>Dodge</u>, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." <u>Continental Casualty Co. v. Diversified Indus., Inc.</u>, 884 F.Supp. 937, 943 (E.D. Pa. 1995).  Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. <u>Dodge</u>, 796 F.Supp. at 830. Rather, such a motion is appropriate only

where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

In this case we find that Snyder has not made the demanding showing necessary to sustain a motion to reconsider an order striking a pleading. At the outset, we note that Snyder errs when he suggests that it is clear that the amended text of Rule 15(a) which became effective in December 2009 does not apply in the case. Quite the contrary, with respect to retrospective application of these rules of civil procedure: "Most courts . . . have held that [an] amendment should normally operate retrospectively. See Woods v. Indiana University-Purdue University at Indianapolis, 996 F.2d 880, 886 (7th Cir.1993); Garvey v. Vaughn, 993 F.2d 776, 778, 783 n. 17 (11th Cir.1993); Skoczylas v. Federal Bureau of Prisons, 961 F.2d 543, 545-46 (5th Cir.1992); Hill v. United States Postal Serv., 961 F.2d 153, 155-56 (11th Cir.1992); Bayer v. United States Dep't of Treasury, 956 F.2d 330, 334-35 (D.C.Cir.1992)." Lundy v. Adamar of New Jersey, Inc., 34 F.3d 1173, 1186 (3d Cir. 1994)(Becker, J., concurring and dissenting.) Moreover, with respect to the 2009 amendment of Rule 15 the Supreme Court, as authorized by the Enabling Act, 28 U.S.C. §2074, spoke directing to this issue of retrospective application of the rule in a way that contradicts Snyder's claims, stating that "insofar as just and practicable, [the amended rules

should apply to] all proceedings then pending." Thus, case law and the order of the Supreme Court both appear to expressly authorize the retrospective application of Rule 15(a) to this case.

But even if we accepted Snyder's view of the law, and considered this motion under the prior version of Rule 15, we would still decline his invitation to reconsider this ruling. The prior version of Rule 15 "stated that, beyond the time for amendment as of right at the start of a lawsuit, 'a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires.' Fed.R.Civ.P. 15(a)(2007)." Bjorgung v. Whitetail Resort, LP, supra, 550 F.3d at 266. Under this version of Rule 15, the district court still retains broad discretion to deny a motion to amend, Bjorgung v. Whitetail Resort, LP, 550 F.3d 263 (3d Cir. 2008); Cureton v. National Collegiate Athletic Ass'n., 252 F.3d 267 (3d Cir. 2001), and may deny a request:

> if the plaintiff's delay in seeking to amend is undue, motivated by bad faith, or prejudicial to the opposing party. Adams, 739 F.2d at 864. Delay becomes "undue," and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend. Cureton, 252 F.3d at 273 (citing Adams, 739 F.2d at 868; Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir.1993)). Thus, our review of the question of undue delay . . . will "focus on the movant's reasons for not amending sooner," Cureton, 252 F.3d at 273, and we will balance these reasons against the burden of delay on the District Court. Coventry v. U.S. Steel

Corp*.,* 856 F.2d 514, 520 (3d Cir.1988).

Bjorgung v. Whitetail Resort, LP, supra, 550 F.3d at 266.

Viewing this motion in light of these guiding benchmarks, we find that denial of this belated request to refile the amended that was stricken by the district court is fully warranted under the version of Rule 15 which was in place when this lawsuit was first filed in 2009. In this regard, we specifically conclude that the delay in moving to amend justified denying this request because that delay is now "undue" since "the plaintiff has had previous opportunities to amend," Bjorgung v. Whitetail Resort, LP, supra, 550 F.3d at 266, which he neglected to pursue. Moreover, when we "focus on the movant's reasons for not amending sooner," Cureton, 252 F.3d at 273, as we are required to do, we find that Snyder has given no reason for this delay. In short, the delay, which now spans many months, is totally unexplained. Finally, we find that permitting this amendment at this late date would be "prejudicial to the opposing party," Bjorgung v. Whitetail Resort, LP, supra, 550 F.3d at 266, since it would allow Snyder to effectively revive claims which have been dismissed on their merits, and would compel needless, repetitive litigation of issues that have previously been resolved in this case. Indeed, adopting the course urged by Snyder would be both clearly "prejudicial to the opposing party," Bjorgung v. Whitetail Resort, LP, supra, 550 F.3d at 266, and also "place[] an unwarranted burden on the court," Id.,

9

which would have to re-litigate these issues. Thus, under the prior version of Rule 15, which Snyder urges us to apply to this motion, both of these considerations call for us to deny his tardy request.

In sum, in this case, regardless of which version of Rule 15 is applied to the Plaintiff's belated motion to amend, the result remains the same. This motion, which is made almost two years after this litigation commenced, and months after revised deadlines for filing amended pleadings were permitted to lapse, is inappropriate under the current and former versions of Rule 15(a), and allowing the belated request after setting deadlines which were ignored by the Plaintiff would actually violate the dual mandate which guides this Court and motivates our system of justice: "that courts should strive to resolve cases on their merits whenever possible [but that] justice also requires that the merits of a particular dispute be placed before the court in a timely fashion" " McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 197 (3d. Cir 1998).

## III.   **Conclusion**

Accordingly, for the foregoing reasons, the Plaintiff's motion to refile the amended complaint stricken by the district court on May 25, 2010 (Doc. 70) is DENIED.

So ordered, this 21st day of March, 2011.

*__S/Martin C.  Carlson__*
Martin C. Carlson
United States Magistrate Judge