UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROGER SNYDER, | : | CIVIL NO. 1:09-CV-927 |
| | : | |
| **Plaintiff** | : | (Chief Judge Kane) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| DANIEL BENDER, et al. | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM OPINION

### I. Statement of Facts and of the Case

This matter comes before the court for consideration of defendants Bender, Caruso and Contino's motion for protective order pursuant to Rule 26 of the Federal Rules of Civil Procedure. (Doc. 68.) In this motion the defendants, officials of the State Ethics Commission, seek an order forbidding the disclosure of the identity of an Ethics Act complainant.

With respect to this motion, the pertinent facts can be simply stated: This case is a civil rights action filed by the plaintiff, through counsel, on May 17, 2009. (Doc. 1.) In its original form, the plaintiff's complaint named 13 defendants, and included a wide array of claims. (Id.) The defendants filed motions to dismiss the complaint in July, September, October and December of 2009, (Docs. 7, 18, 23, 30 ) that were

briefed by the parties, (Docs. 8, 12, 19, 20, 21, 24, 26, 27, 31), and resolved by the district court in an order dated May 25, 2010. (Doc. 47.)

That May 25, 2010 opinion and order permitted the plaintiff to pursue civil rights retaliation and conspiracy claims in this case. In its May 25, 2010 opinion, the district court summarized the factual underpinning of the plaintiff's claims in the following terms:

> Plaintiff alleges that a number of the Township Defendants, including Kraus, Murphy, Horne, Tupper, and Viscome "desired to use the surface appeal that an unauthorized use of Township equipment could have for their own personal and political advantage." (Id. ¶ 19.) As such, Defendants Kraus, Horne, and Murphy "concocted a plan to permit the copying of Plaintiff's campaign materials to proceed and then [later] present it as a criminal matter where there are no restrictions on disclosure." (Id. ¶ 32.) Thereby, the Township Defendants used their connections with the Ethics Commission Defendants to "concoct an ethics charge." (Id. ¶ 21.) As a result, an informal investigation was initiated by the ethics commission in or around August 2007, which was conducted by Defendant Bender. (Id. ¶ 23.) Formal charges were filed against Plaintiff by the Ethics Commission on November 1, 2007. (Id. ¶ 34.) Plaintiff's political opponents, Defendants Murphy and Horne, used the ethics investigation in their campaign materials. (Id.) Plaintiff won reelection. (Id.) However, he argues that his standing in the community has been damaged. (Id.)

(Doc. 47, p.3.)

The district court then went on to find that these allegations stated a cause of action which survived a motion to dismiss, holding that:

> Here, Plaintiff has alleged that "Defendants Kraus, Horne, Murphy,

> Tupper, Bender, Caruso and Contino had a meeting of the minds by which they developed an unlawful plan to violate Plaintiff's First and Fourteenth Amendment rights . . . ." (Doc. No. 1 ¶ 22.) Plaintiff alleges that "[i]n furtherance of the unlawful plan . . . an informal investigation was initiated by the Ethics Commission in or around August 2007, which was conducted by Defendant Bender." (Id. ¶ 23.) In addition, Plaintiff avers that Defendant Templin was persuaded to refrain from issuing Plaintiff the proper invoices for Plaintiff's use of the Township's roller in order to support the ethics charge. (Id. ¶¶ 24-26.) Defendant Viscome was later brought into the conspiracy. (Id. ¶ 28.) Defendants Kraus, Horne, and Murphy then concocted a plan to permit Plaintiff to copy his campaign materials "and then present it as a criminal matter . . . ." (Id. ¶ 32.) Formal charges were then filed by the Ethics Commission Defendants and Defendants Horne and Murphy used the ethics investigation in their campaign materials. (Id. ¶ 34.) As a result, Plaintiff has done more than allege the legal elements of a conspiracy. Plaintiff has alleged the period, object, or acts taken in furtherance of the conspiracy. Defendants' motions to dismiss this claim will be denied.

(Doc. 47, pp.13-14.)

Thus, the district court's May 25, 2010 opinion denying the defendants' motions to dismiss this aspect of Snyder's complaint was expressly premised on the court's conclusion that a collusive endeavor to use the filing of allegedly false ethics complaints against a person in retaliation for political activities by that individual would state a valid constitutional tort clam. It is against the backdrop of this finding that we are asked to consider the instant discovery dispute.

In their motion the Ethics Commission defendants state that the plaintiff has made a discovery demand seeking disclosure of the identity of the ethics act

complainant who leveled charges against the plaintiff, charges that the plaintiff asserted became the fodder for a retaliatory public relations campaign against him. Citing the confidentiality provisions of the state ethics laws, which include criminal sanctions, the defendants seek a protective order forbidding any disclosure of this information, information which lies at the heart of one of the principle factual allegations supporting the surviving legal claims in the plaintiff's case–the identity of this ethics complainant and the complainant's relationship to the defendants who are alleged to have collusively endeavored to use the filing of this allegedly false ethics complaint to retaliate against the plaintiff.

For the reasons set forth below, we conclude that the state Ethics Act proscriptions do not categorically preclude disclosure of this information. Instead, we direct the release of this information to the court, for *in camera* inspection so we can determine its relevance to the issues raised in this litigation.

**II.    Discussion**

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines both the scope and limitations governing the use of discovery in a federal civil action:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and

> location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)( C ).

This motion for protective order calls upon the Court to exercise its authority under Rule 26 of the Federal Rules of Civil procedure to regulate discovery in this case. Issues relating to the scope of discovery permitted under the Rules rest in the sound discretion of the Court. <u>Wisniewski v. Johns-Manville Corp.</u>, 812 F.2d 81, 90 (3d Cir. 1987). A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. <u>Marroquin-Manriquez v. I.N.S.</u>, 699 F.2d 129, 134 (3d Cir. 1983).

    This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "nonprivileged matter that is relevant to any party's claim or defense". Therefore, valid claims of privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all "relevant information" a concept which is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible

evidence."

Furthermore, in considering this discovery dispute, which rests in part upon state law confidentiality provisions, it is also well-settled that:

> Because, . . . , discovery disputes in federal courts are governed by federal law, especially the Federal Rules of Civil Procedure and the Federal Rules of Evidence, the state statutory confidentiality provisions that have been invoked by [the parties] . . . do not directly govern the present dispute.

Pearson v. Miller, 211 F.3d 57, 61 (3d Cir. 2000).

Thus, while we are instructed to consider the persuasive force of state laws that impose confidentiality on certain classes of information, those laws do not control in assessing privilege claims in federal court. Moreover, in conducting this assessment we are mindful of the fact that "[t]he appropriateness of deference to a state's law of privilege is diminished, . . . , in cases in which a defendant state actor alleged to have violated citizens' federal rights is asserting the privilege. '[T]here is a "special danger" in permitting state governments to define the scope of their own privilege when the misconduct of their agents is alleged.' ACLU v. Finch, 638 F.2d 1336, 1344 (5th Cir.1981); see also Longenbach, 750 F. Supp. at 180-81 ('Nor does it make any sense to allow the state, under whose color of authority officers have allegedly violated rights, to limit unilaterally the availability of evidence.')."Pearson v. Miller,

supra, 211 F.3d at 68.

Indeed, the manner in which state law must give way to fundamental federal interests has already been recognized by the courts in the context of the confidentiality provisions of Pennsylvania's Ethics Act. In Stilp v. Contino, 613 F.3d 405 (3d Cir. 2010), an ethics act complainant who wished to disclose the fact that he had filed a complaint with the state Ethics Commission filed a lawsuit challenging any use of the state law's confidentiality provisions to prohibit the disclosure of his identity as a complainant on First Amendment grounds. On appeal, the court affirmed the granting of a preliminary injunction prohibiting the Ethics Commission from using this confidentiality provision as a sword, silencing this ethics complainant from disclosing his identity. Instead, the court found that the confidentiality provision of state law, "as construed by defendants to prohibit public disclosure of the fact that an Ethics Act complaint was filed, does not survive strict scrutiny and cannot be enforced. A blanket prohibition on disclosure of a filed complaint stifles political speech near the core of the First Amendment and impairs the public's ability to evaluate whether the Ethics Commission is properly fulfilling its statutory mission to investigate alleged violations of the Ethics Act." Stilp v. Contino, 613 F.3d 405, 415 (3d Cir. 2010). In reaching this conclusion, the appellate court recognized that the blanket confidentiality imposed by the act actually interfered with the rights of

parties to attempt to civilly sanction persons who use ethics complaints for wrongful or retaliatory purposes, stating that:

> To the extent the state has a compelling interest in preventing harm caused by frivolous or wrongful filings, [the Ethics Act] is not narrowly-tailored to achieve that interest. Filing and publicizing frivolous or false ethics complaints are independently proscribed by the Ethics Act, which subjects the filer to civil and criminal sanctions under [the act], as well as common law tort liability for defamation to the extent cognizable under New York Times Co. v. Sullivan. Those sanctions render [the Act's] prohibition cumulative and unnecessary

Id.

While Stilp v. Contino addressed these issues in the context of an effort to use the state law confidentiality as a sword, silencing a person who wished to identify himself as a complainant, we find its observations regarding the statute equally persuasive in this context, where the statute is cited as a shield protecting information from disclosure. Therefore, to the extent that we are invited to categorically deny a request for this information in federal civil litigation based upon the confidentiality provisions of the state Ethics Act, we decline this request.[1]

Instead, we agree with the Ethics Commission defendants that this motion for protective order must be weighed against the governmental privilege recognized in

---

[1] Indeed, we note that the Ethics Commission defendants themselves candidly acknowledge that this state law does not control here, while urging its persuasive force on us. (Doc. 69, p. 4.)

federal court relating to investigative records. These cases acknowledge a governmental privilege but enjoin courts to balance the confidentiality of governmental files against the rights of a civil rights litigant by considering:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intra-departmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiffs suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiffs case.

Frankenhauser v. Rizzo, 59 F.R.D. 339, 344 (E.D. Pa. 1973).

In this case the Ethics Commission defendants argue that an assessment of these competing considerations calls for the entry of a protective order categorically forbidding the disclosure of the identity of this ethics act complainant. We disagree.

At the outset, we find that the district court has concluded that the plaintiff's claims conspiracy and retaliation are not legally frivolous. Moreover, the gravamen of those surviving, non-frivolous, legal claims is the factual assertion that the

defendants engaged in a collusive endeavor to use the filing of allegedly false ethics complaints against the plaintiff in retaliation for his political activities. Given this understanding of the issues that lie at the heart of this litigation, a request for discovery of information concerning the identity of the complainant, and the complainant's relationship with the defendants, is relevant to these legal claims, claims that have been determined to be non-frivolous. Therefore, this information is potentially important to the case, and cannot be reasonably obtained by other means, given the state law prohibitions on its disclosure. All of these factors favor some form of disclosure of this information.

Indeed, we note that this information has a universal relevance to the remaining issues in this lawsuit. If the identity of the complainant links that complainant in some collusive fashion to the defendants, then this information is relevant and potentially probative of the plaintiff's claims. In contrast, if the complainant is some third party who has absolutely no connection to the defendants, then this fact could powerfully undermine the plaintiff's claim of some retaliatory collusion in the filing of this complaint. Thus, an assessment of the nature of the plaintiff's claims, and the relevance of this information to those claims, in our judgment favors some form of disclosure here.

That conclusion is further bolstered by the Court of Appeals' observation that:

"Filing and publicizing frivolous or false ethics complaints are independently proscribed by the Ethics Act, which subjects the filer to civil and criminal sanctions under [the act], as well as common law tort liability for defamation to the extent cognizable under New York Times Co. v. Sullivan. Those sanctions render [the Act's] prohibition cumulative and unnecessary." Stilp v. Contino, 613 F.3d 405, 415 (3d Cir. 2010). The legal right to use civil process to sanction those who maliciously file false ethics act complaints, which was plainly recognized by the court in Stilp, would have little meaning if we held that disclosure of the identity of allegedly false filers was categorically forbidden.

Furthermore, we note that the disclosure proposed here relates solely to a factual matter, the identity of the complainant, and not to any agency evaluative or deliberative processes, a factor which also favors disclosure. In fact, when striking this balance courts have, in the past, reconciled the competing needs of civil rights litigants for information regarding facts developed in official investigations, with the Government's need to protect its deliberative processes, by directing the release of factual information in confidential records. See Sullivan v. Pa. Dep't of Corrections, 2007 U.S. Dist. LEXIS 19216, *1-2 (M.D. Pa. 2007) (McClure, J.).

We do recognize, though, that there are countervailing considerations, and that the state law's confidentiality provisions are designed to promote the goal of

reporting alleged and suspected wrongdoing. These countervailing considerations of protecting complainant confidentiality are mitigated somewhat in this case, where the plaintiff has already publicly made allegations regarding the identity of the complainant, asserting that the Ethics Act complainant was a defendant or someone acting in concert with the defendants. Thus, the discovery sought here would simply either confirm, or rebut, this factual assertion that is already a matter of public record. In any event, we believe that the best way to reconcile these competing interests is to use the tools traditionally employed by this court when assessing such claims, rejecting broadly framed requests for access to sensitive records, see Paluch v. Dawson, No. 06-1751, 2007 WL 4375937, *4-5 (M.D. Pa. Dec. 12, 2007), while conducting an *in camera* review of those records which may be relevant to more narrowly tailored discovery demands. Paluch v. Dawson, No. 06-1751, 2008 WL 2785638, *3 (M.D. Pa. July 17, 2008).

This is the course we will adopt here. We will direct the defendants to provide to the Court for *in camera* inspection any responsive Ethics Act records identifying the Ethics Act complainants who may have lodged any complaints against the plaintiff that are at issue in the lawsuit. The defendants shall also provide the court with an *in camera* declaration identifying any known relationship, association or affiliation, direct or indirect, between the complainants and any parties to this lawsuit.

Armed with this information the Court can determine: (1) whether this information is relevant to the issues raised in this case; (2) whether it is subject to any valid claim of privilege recognized by the Federal Rules; and (3) to what extent, in what format, and under what conditions it may be released to the plaintiff.

### III. Conclusion

Accordingly, it is ORDERED that the defendants' motion for protective order (Doc. 68) is DENIED and the defendants are directed by **April 8, 2011** to provide to the Court for *in camera* inspection any responsive ethics act records identifying the ethic act complainants who may have lodged any complaints against the plaintiff that are at issue in the lawsuit. The defendants shall also provide the court with an in camera declaration identifying any known relationship, association or affiliation, direct or indirect, between the complainants and any parties to this lawsuit.

So ordered, this 25th day of March, 2011.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge