**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROGER SNYDER,** | : | **CIVIL NO. 1:09-CV-927** |
| | : | |
| **Plaintiff,** | : | **(Chief Judge Kane)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **DANIEL BENDER, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM ORDER**

**I. Statement of Facts and of the Case**

This matter comes before the Court for further consideration of Defendants Bender, Caruso and Contino's motion for protective order pursuant to Rule 26 of the Federal Rules of Civil Procedure. (Doc. 68.) In this motion the Defendants, officials of the State Ethics Commission, sought an order forbidding the disclosure of the identity of an Ethics Act complainant.

With respect to this motion, the pertinent facts can be simply stated: This case is a civil rights action filed by the Plaintiff, through counsel, on May 17, 2009. (Doc. 1.) In its original form, the Plaintiff's complaint named 13 Defendants, and included a wide array of claims. (Id.) The Defendants filed motions to dismiss the complaint

in July, September, October and December of 2009, (Docs. 7, 18, 23, 30) that were briefed by the parties, (Docs. 8, 12, 19, 20, 21, 24, 26, 27, 31), and resolved by the district court in an order dated May 25, 2010. (Doc. 47.)

That May 25, 2010, opinion and order permitted the Plaintiff to pursue civil rights retaliation and conspiracy claims in this case. In its May 25, 2010, opinion, the district court summarized the factual underpinning of the Plaintiff's claims in the following terms:

> Plaintiff alleges that a number of the Township Defendants, including Kraus, Murphy, Horne, Tupper, and Viscome "desired to use the surface appeal that an unauthorized use of Township equipment could have for their own personal and political advantage." (Id. ¶ 19.) As such, Defendants Kraus, Horne, and Murphy "concocted a plan to permit the copying of Plaintiff's campaign materials to proceed and then [later] present it as a criminal matter where there are no restrictions on disclosure." (Id. ¶ 32.) Thereby, the Township Defendants used their connections with the Ethics Commission Defendants to "concoct an ethics charge." (Id. ¶ 21.) As a result, an informal investigation was initiated by the ethics commission in or around August 2007, which was conducted by Defendant Bender. (Id. ¶ 23.) Formal charges were filed against Plaintiff by the Ethics Commission on November 1, 2007. (Id. ¶ 34.) Plaintiff's political opponents, Defendants Murphy and Horne, used the ethics investigation in their campaign materials. (Id.) Plaintiff won reelection. (Id.) However, he argues that his standing in the community has been damaged. (Id.)

(Doc. 47, p.3.)

The district court then went on to find that these allegations stated a cause of action which survived a motion to dismiss, holding that:

> Here, Plaintiff has alleged that "Defendants Kraus, Horne, Murphy, Tupper, Bender, Caruso and Contino had a meeting of the minds by which they developed an unlawful plan to violate Plaintiff's First and Fourteenth Amendment rights . . . ." (Doc. No. 1 ¶ 22.) Plaintiff alleges that "[i]n furtherance of the unlawful plan . . . an informal investigation was initiated by the Ethics Commission in or around August 2007, which was conducted by Defendant Bender." (Id. ¶ 23.) In addition, Plaintiff avers that Defendant Templin was persuaded to refrain from issuing Plaintiff the proper invoices for Plaintiff's use of the Township's roller in order to support the ethics charge. (Id. ¶¶ 24-26.) Defendant Viscome was later brought into the conspiracy. (Id. ¶ 28.) Defendants Kraus, Horne, and Murphy then concocted a plan to permit Plaintiff to copy his campaign materials "and then present it as a criminal matter . . . ." (Id. ¶ 32.) Formal charges were then filed by the Ethics Commission Defendants and Defendants Horne and Murphy used the ethics investigation in their campaign materials. (Id. ¶ 34.) As a result, Plaintiff has done more than allege the legal elements of a conspiracy. Plaintiff has alleged the period, object, or acts taken in furtherance of the conspiracy. Defendants' motions to dismiss this claim will be denied.

(Doc. 47, pp.13-14.)

Thus, the district court's May 25, 2010, opinion denying the Defendants' motions to dismiss this aspect of Snyder's complaint was expressly premised on the Court's conclusion that a collusive endeavor to use the filing of allegedly false ethics complaints against a person in retaliation for political activities by that individual would state a valid constitutional tort clam. It is against the backdrop of this finding that we are asked to consider the instant discovery dispute.

In their motion the Ethics Commission Defendants stated that the Plaintiff has made a discovery demand seeking disclosure of the identity of the ethics act

complainant who leveled charges against the Plaintiff, charges that the Plaintiff asserted became the fodder for a retaliatory public relations campaign against him. Citing the confidentiality provisions of the state ethics laws, which include criminal sanctions, the Defendants seek a protective order forbidding any disclosure of this information, information which lies at the heart of one of the principle factual allegations supporting the surviving legal claims in the Plaintiff's case–the identity of this ethics complainant and the complainant's relationship to the Defendants who are alleged to have collusively endeavored to use the filing of this allegedly false ethics complaint to retaliate against the Plaintiff.

## II. Discussion

On March 25, 2011, we concluded that the state Ethics Act proscriptions did not categorically preclude disclosure of this information. Instead, we directed the release of this information to the Court, for *in camera* inspection so that we could determine its relevance to the issues raised in this litigation. The Ethics Commission Defendants complied with this directive on April 8, 2011, and our *in camera* review of the ethics complaint leads us to conclude, pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure that release of these documents to the Plaintiff is appropriate since disclosure of the identity of the ethics act complainants here may be "reasonably calculated to lead to the discovery of admissible evidence." Moreover, in weighing

the arguable relevance of this information against the Defendants' assertion of a government records confidentiality privilege, see Frankenhauser v. Rizzo, 59 F.R.D. 339, 344 (E.D. Pa. 1973), we find that the balancing of those factors favors disclosure of this information since a request for discovery of information concerning the identity of the complainant, and the complainant's relationship with the Defendants, is relevant to these legal claims, claims that have been determined to be non-frivolous. Furthermore, we note that the disclosure proposed here relates solely to a factual matter, the identity of the complainant, and not to any agency evaluative or deliberative processes, a factor which also favors disclosure. Moreover, to the extent that there are countervailing considerations of protecting complainant confidentiality, these considerations are mitigated in this case, where the Plaintiff has already publicly made allegations regarding the identity of the complainant, asserting that the Ethics Act complainant was a Defendant in this lawsuit or someone acting in concert with the Defendants. Thus, the discovery sought here would simply either confirm, or rebut, this factual assertion that is already a matter of public record.

## III. Conclusion

Accordingly, it is ORDERED that the Defendants' motion for protective order (Doc. 68) is DENIED and the Defendants are directed by **April 25, 2011**, to provide the Plaintiff those responsive ethics act records identifying the ethic act complainants

who may have lodged any complaints against the Plaintiff that are at issue in the lawsuit.

So ordered, this 11th day of April 2011.

***S/Martin C. Carlson***
Martin C. Carlson
United States Magistrate Judge