# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ROGER SNYDER, | : | CIVIL ACTION |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 09-0927 |
| | : | |
| DANIEL BENDER, et al., | : | |
| Defendants. | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                                         February 20, 2013

      Roger Snyder brought this lawsuit against local township officials Ralph Horne, Nicholas Viscome, Charles Tupper, and Jeffrey Templin, Sr.; state ethics officials Daniel Bender, Robert Caruso, and John Contino; and private citizen Keith Murphy (collectively, Defendants). Defendants filed three separate motions for summary judgment, which were referred to Magistrate Judge Martin C. Carlson for a report and recommendation. Judge Carlson's forty-eight page report recommends that Defendants' motions for summary judgment be granted. Snyder filed the objections presently before me. For the following reasons, I will overrule Snyder's objections, approve and adopt the well-reasoned report and recommendation, and grant Defendants' motions for summary judgment.

## I. BACKGROUND

      Briefly summarized,[1] this case arises out of Snyder's 2007 re-election campaign to a seat on the West Donegal Township Board of Supervisors. The primary election was

---

[1] The magistrate judge's recounting of the events giving rise to this lawsuit is thorough and accurate; it is incorporated herein. Doc. No. 146 at 3-18.

held in May 2007. In connection with that election, Snyder asked a township employee to copy campaign material using township equipment. Snyder claims that he paid all copying costs and that the township employee performed the service voluntarily and with permission from her supervisors.

In July 2007, Defendant Horne, who was at the time a private citizen,[2] filed a complaint with the State Ethics Commission regarding Snyder's allegedly improper use of township employees and equipment during the May 2007 primary campaign. In August 2007, Charles Kraus, who was at the time chief of the Northwest Regional Police, filed a similar complaint. Defendant Horne claims he never discussed his complaint with Kraus.

On October 31, 2007, five days before the general election, Snyder again asked a township employee to copy campaign literature. Defendant Tupper, also a township supervisor, was alerted to the activity and contacted Kraus. Local media arrived at the township building, and Snyder was quoted acknowledging that he asked a township employee to make the copies.

On Election Day, someone was found to be distributing on Defendant Murphy's behalf a yellow campaign flier bearing the headline "State Ethics Commission Investigates Roger Snyder" and detailing the charges against Snyder. Defendant Murphy is a private citizen who was at the time also campaigning for a seat on the board of supervisors. Although Snyder found the flier to be underhanded and to violate what he understood to be confidentiality provisions of the State Ethics Act, he conceded that it

---

[2] Defendant Horne has since been elected to local office.

contained truthful information.  Defendant Murphy testified that he did not distribute the flier on Election Day, and he does not know who prepared the flier or caused it to be distributed.

Despite all this, Snyder was re-elected as a township supervisor.  Moreover, the State Ethics Commission cleared Snyder of wrongdoing in early 2008.  He nevertheless contends that Defendants conspired against him to violate his First Amendment right to run for political office and that his standing in the community has been damaged as a result.

## II. STANDARD OF REVIEW

"To obtain de novo determination of a magistrate's findings by a district court, 28 U.S.C. § 636(b)(1) requires both timely and specific objections to the report."  <u>Goney v. Clark</u>, 749 F.2d 5, 6 (3d Cir. 1984); <u>see also</u> <u>Brown v. Astrue</u>, 649 F.3d 193, 195 (3d Cir. 2011).  A district court need not conduct a de novo review where objections are merely "general in nature."  <u>Goney</u>, 749 F.2d at 7.  In those instances, a district court need only "give some reasoned consideration to the magistrate's report," <u>Henderson v. Carlson</u>, 812 F.2d 874, 878 (3d Cir. 1987), and satisfy itself that there is no clear error on the face of the record, <u>see</u> Fed. R. Civ. P. 72(b) advisory committee's note.

## III. DISCUSSION

### A. The Magistrate Judge's Review of the Evidence

The "core of any and every other objection" is Snyder's claim that the magistrate judge failed to consider 1,500 pages of exhibits.  Doc. No. 156 at 12.  Snyder's claim

does not warrant extended comment here, namely because this court and the Third Circuit already addressed the issue.

Snyder first argued that the magistrate judge failed to consider 1,500 pages of exhibits in his motion to reconsider and vacate the report and recommendation. Doc. No. 148. In denying that motion, I explained that "[t]he plaintiff may reference the exhibits that he believes support his objections to the report and recommendation if he chooses to file objections with the Court." Doc. No. 150, ¶ 1. Snyder next filed a motion to stay, raising the same claim. Doc. No. 151. I denied that motion as well, noting that "[i]f the plaintiff believes that the Magistrate Judge failed to reference an exhibit that rebuts the defendants' motions for summary judgment, the plaintiff may reference and cite that exhibit in his objections to the Report and Recommendation. Pursuant to 28 U.S.C. § 636, I shall make a de novo determination of those portions of the Report and Recommendation to which an objection is made." Doc. No. 152, n.1. Finally, Snyder filed a motion for reconsideration of my Order denying his motion to stay. Doc. No. 153. In denying Snyder's motion for reconsideration, I again indicated that "[i]f plaintiff believes that an exhibit was not referenced but should have been because the exhibit rebuts the defendants' motion for summary judgment on a particular issue, the plaintiff may cite and reference the exhibit in his objections to the Report and Recommendation and I will make a de novo determination pursuant to 28 U.S.C. § 636." Doc. No. 154, n.1.

After I denied Snyder's motion to reconsider and vacate the report and recommendation, and before Snyder filed his motion to stay, he filed a motion for

extraordinary relief in the Third Circuit, seeking a writ of mandamus "directing that the motion[s] for summary judgment . . . be considered by the district court on the complete record and briefs of the parties as they currently stand, or . . . direct[ing] that the matter be remanded to a Magistrate Judge . . . to prepare a report and recommendation . . . ." Motion for Extraordinary Relief at 1, In re Roger Snyder, No. 12-1723 (3d Cir. Mar. 15, 2012). Snyder's Third Circuit motion set forth the exact same argument I rejected in denying his other post-report motions. Id. at 4-7. The Third Circuit denied Snyder's motion in an order without explanation. Order, In re Roger Snyder, No. 12-1723 (3d Cir. Apr. 20, 2012).

Despite all this, Snyder's objections make no specific reference to his exhibits or the manner in which they rebut Defendants' motions. Instead, Snyder merely claims "that every fact Magistrate [Judge] Carlson said is undisputed is disputed, and the evidence submitted by plaintiff . . . places them in dispute." Doc. No. 156 at 10. By failing to specifically object, Snyder has squandered the very opportunity he sought all along: de novo review by this court. After giving reasoned consideration to the report and recommendation, I am satisfied that the magistrate judge did not clearly err in considering Snyder's evidence. Snyder's objection is overruled.

**B.    Snyder's Additional Objections**

Snyder's additional objections either lack merit entirely or lack the requisite specificity to warrant de novo review. They are overruled for the following reasons.

### 1. Snyder's Declaration

Snyder objects specifically to the magistrate judge's discounting of his ninety-five page declaration. Without identifying how, Snyder claims his declaration "refutes [Defendants' motions] completely." Doc. No. 156 at 14. The magistrate judge concluded:

> [W]e do not find that plaintiff can avoid his failure to identify record evidence to support his claims by relying upon a self-declaration that he offered, despite having already been deposed in the case, particularly as the declaration itself relies not on evidence, but on the plaintiff's own interpretation of events and, essentially, opinion testimony. Viewing the declaration this way, and finding it to be lacking in evidentiary value, as it is often based on little more than the plaintiff's own subjective interpretation of the facts, or his own speculative inferences or unfounded assertions, we find that it is insufficient to create a dispute of material fact regarding plaintiff's claims of conspiracy, particularly in the face of overwhelming evidence undermining his claims of conspiracy.

Doc. No. 146 at 28-29 (citations omitted). I agree. It is well settled that "[a]n opponent of summary judgment cannot rely upon unsupported assertions, conclusory allegations, or mere suspicions to create a disputed issue." Byrne v. Monmouth County Dept. of Health Care Facilities, 372 F. App'x 232, 234 (3d Cir. 2010). Snyder cites no record evidence to support his declaration, merely claiming that it "meets the requirements of all applicable rules and law governing such things." Doc. No. 156 at 14. This is insufficient in the face of Defendants' thoroughly supported motions. Snyder's objection is therefore overruled.

### 2. Evidence of Conspiracy

Snyder next claims that the magistrate judge failed to recognize his "proof of conspiracy." Doc. No. 156 at 14-16. Because Snyder does not reference a specific

6

portion of the magistrate judge's report, I review his objection for clear error. As to Snyder's conspiracy claim, the magistrate judge concluded:

> [W]e find that the evidence of record in this action reveals only two overt acts showing any connection between the Township defendants and the Ethics Commission defendants. In the first, it is undisputed that Ralph Horne—who at this time was not an elected township official, but merely a private citizen—filed a complaint regarding Roger Snyder with the Ethics Commission in 2007. The Ethics Commission defendants maintain that there is no further evidence to show that Ralph Horne communicated with them in any other way, or at any other time relevant to this lawsuit, other than to be interviewed by Daniel Bender as part of the investigation into the ethics claim. In the second instance, the Ethics defendants concede that Daniel Bender met with and interviewed a number of witnesses, including Roger Snyder, as part of his investigation into the ethics allegations leveled against the plaintiff.
>
> Plaintiff purports to deny the facts upon which the Ethics defendants rely, but his efforts in this regard are unavailing. The Ethics Commission defendants have come forward with citation to record evidence showing that Ralph Horne filed a complaint against Roger Snyder with the Ethics Commission in 2007. Nothing in the evidence indicates that Ralph Horne made any further contact or communication with the Ethics Commission defendants, other than to participate in interviews that Daniel Bender conducted with Mr. Horne, non-defendant Charles Kraus, and other witnesses, including the plaintiff himself. The record simply does not contain any other evidence to support plaintiff's claim that the Township defendants conspired among themselves, or with one or more members of the Ethics Commission, or with Keith Murphy, in furtherance of an alleged scheme to violate the plaintiff's First Amendment rights.
>
> The evidence further indicates that the investigation that was conducted into the complaint against Mr. Snyder was done in accordance with established procedures, and we cannot perceive how evidence that the Ethics Commission defendants followed standard procedures for investigating a formal ethics complaint made by a private citizen and, later, by the chief of a local police department, can somehow be converted into evidence that this same conduct amounts to a conspiracy to violate the plaintiff's First Amendment rights, or that it even supports plaintiff's argument that the remaining defendants in this action conspired among themselves to violate the plaintiff's right. There is further no evidence to support his allegation or suggestion that one or more of the Ethics

7

> defendants leaked or disclosed information relating to their investigation
> into Mr. Snyder to local media outlets or to any of the defendants in this
> case.

Doc. No. 146 at 34-36 (citations omitted). I agree with the magistrate judge's detailed analysis. Snyder's objection, which includes no citation to the record, is entirely unfounded. Because there is no clear error on this point, Snyder's objection is overruled.

### 3. Evidence Regarding the Election Day Campaign Flier

Snyder makes two specific objections regarding the Election Day campaign flier which referenced the pending Ethics Commission investigation. Snyder contends that the magistrate judge erred in concluding that the flier was not circulated by Defendant Murphy and that "circulation of the fliers was in itself protected activity." Doc. No. 156 at 17-18. Even assuming Murphy circulated the flier, the Third Circuit's decision in <u>Stilp v. Contino</u>, 613 F.3d 405 (3d Cir. 2010), which the magistrate judge relied on, protects Murphy's activity. There, the court held that "publicizing allegations of unethical conduct on the eve of an election and doing so while also disclosing that an Ethics Act complaint was filed with the Commission" is "manifestly protected by the First Amendment" unless false and malicious. <u>Id.</u> at 414. Snyder conceded that the flier contained truthful information. Snyder Dep. at 38. Murphy's actions were therefore protected by the First Amendment. Snyder's objections, which offer no analysis of <u>Stilp</u> or any basis upon which to distinguish it in his favor, are meritless.

### 4. Evidence of a First Amendment Violation

Snyder claims the magistrate judge erred in concluding that "because plaintiff won the election, he could not establish a First Amendment violation." Doc. No. 156 at 18-19.

8

The magistrate judge did not so conclude. While noting that Snyder ultimately won the election, the magistrate judge held that Snyder "has not identified any evidence to show that his campaign efforts were curtailed in any way, or that the defendants somehow chilled his political activity or hindered his campaign." Doc. No. 146 at 39. Snyder's objection is overruled.

### 5. Whether Defendants Horne and Murphy Were State Actors

Snyder objects specifically to the magistrate judge's finding that Defendants Horne and Murphy were not state actors subject to liability under 42 U.S.C. § 1983. Doc. No. 156 at 19. To hold a private citizen liable for a violation under § 1983, the citizen must be "jointly engaged with state officials in the prohibited action . . . as a 'willful participant in joint activity with the State or its agents.'" Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 195 (3d Cir. 1995) (quoting United States v. Price, 383 U.S. 787, 794 (1966)). Snyder cites no record evidence establishing that Horne and Murphy were engaged in "joint activity with the State"; instead, he merely points to his "proof of the conspiracy." Doc. No. 156 at 19. As indicated, Snyder has offered no actual "proof of the conspiracy." His objection is therefore overruled.

### 6. Whether the State Defendants Were Entitled to Qualified Immunity

Snyder objects specifically to the magistrate judge's finding that the state defendants were entitled to qualified immunity. Doc. No. 156 at 20-22. He cites no record evidence and offers no legal analysis, merely "submit[ting] that, properly considered, the evidence will clearly negate any applicability of qualified immunity in

this case." Id. at 21. Because Snyder's objection merely restates his baseless claim that the magistrate judge failed to consider all the evidence, it is overruled.

### 7. The Original District Judge's[3] Management of Snyder's Case

Snyder objects to numerous actions taken by the original district judge in this matter. Doc. No. 19-20. Because these objections simply have nothing to do with the magistrate judge's reasoning in this case, they are overruled.

## IV. CONCLUSION

For the foregoing reasons, Snyder's objections are overruled, the well-reasoned report and recommendation is approved and adopted, and Defendants' motions for summary judgment are granted.

An appropriate order follows.

---

[3] This case was reassigned to me on March 24, 2011. Doc. No. 85.